UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

XENA K. AMES,                          )
                                       )
                Plaintiff,             )
                                       )
        v.                             )        No. 1:25-cv-00869-SEB-MG
                                       )
COMMONWEALTH HOTEL,                    )
                                       )
                Defendant.             )

**ORDER GRANTING MOTION FOR PARTIAL DISMISSAL**
**AND DIRECTING PLAINTIFF TO SHOW CAUSE**
**RE: AGREEMENT TO ARBITRATE RETALIATION CLAIM**

*Pro Se* Plaintiff Xena K. Ames ("Ms. Ames" or "Plaintiff") filed this lawsuit against her former employer, Defendant Commonwealth Hotels ("Commonwealth" or "Defendant"), asserting claims for unlawful employment discrimination on the basis of race, color, gender/sex, religion, national origin, disability, and age, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* (race, color, gender/sex, religion, and national origin); the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112 *et seq.* (disability); and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.* (age). Ms. Ames, an African American woman, avers that Commonwealth created a hostile work environment, failed to promote her, imposed inequal terms and conditions on her employment, and retaliated against her by terminating her employment.

1

Currently before the Court are three motions filed by Commonwealth challenging the legal sufficiency of the claims set forth in the Complaint filed by Ms. Ames: (1) a motion for partial dismissal of claims, pursuant to Federal Rule of Civil Procedure 12(b)(6), Dkt. 20; (2) a motion to stay proceedings to compel arbitration or, alternatively; (3) a motion for a more definite statement, Dkt 22.[1]  These motions are fully briefed and ripe for decision.

## I.    Motion to Dismiss

When ruling on a motion to dismiss, we must construe "all well-pleaded allegations of the complaint as true and view[ ] them in the light most favorable to the plaintiff." *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000).  To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim becomes facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  *Pro se* complaints, such as that filed by Ms. Ames here, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

---

[1] As these motions have remained pending, Commonwealth has moved for summary judgment, Dkt. 48, and Ms. Ames has sought reconsideration of a prior order, Dkt. 59.  Those motions will be undertaken and resolved in due course.

In its motion for partial dismissal of the Complaint, Commonwealth seeks the dismissal with prejudice of all Plaintiff's claims **other than** her Title VII retaliation claim based on the claims' failures to reflect a legal basis upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).  According to Commonwealth, Ms. Ames impermissibly seeks to recover for alleged civil rights violations relating to her former employment that exceed the scope of her Charge of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC"). By statute, Commonwealth contends, such claims asserted by Ms. Ames are not justiciable.

Here's the relevant background for these motions:  Commonwealth explains that Ms. Ames filed two separate, successive charges of discrimination with the EEOC relating to her employment with Commonwealth.  *E.g.*, Dkt. 1 at 8.  The First Charge was filed on August 29, 2024, while she was still employed, and included allegations of racial harassment and age discrimination.  Dkt. 21-1 (Charge No. 470-2024-05071).[2]  This Charge was dismissed by EEOC on October 25, 2024, which dismissal included the agency's Right to Sue Notice. Dkt. 21-2 (Notice of Right to Sue re: Charge No. 470-2024-05071).  However, no lawsuit was ever filed by Ms. Ames based on these

---

[2] Commonwealth has attached Ms. Ames's EEOC Charge(s) of Discrimination and Notice of Right to Sue Letter(s) to its Motion to dismiss.  In addition to the allegations set forth in Ms. Ames's Complaint, we may consider "documents that are attached to the complaint, documents that are central to the complaint and referred to in it, and information that is properly subject to judicial notice."  *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (citing cases).  Because Ms. Ames's EEOC Charges and Right to Sue Letters are central to and referenced in her Complaint, the Court will consider them for purposes of this Motion to Dismiss.  *See* Dkt. 1 at 8.

allegations during the ensuing 90-day time period established for bringing such an action in court.[3]

Two months later, on November 26, 2024, after her employment had been terminated, Ms. Ames filed a second and new Charge of Discrimination with the EEOC, this time alleging that Commonwealth had wrongfully discharged her based on her race and in retaliation for her allegedly having engaged in protected activity. Dkt. 21-3 (Charge No. 470-2025-00145). This Second Charge, like the first charge, was summarily dismissed by the EEOC on April 29, 2025, after which the Right to Sue Notice issued. Dkt. 21-4 (Notice of Right to Sue re: Charge No. 470-2025-00145). The pending lawsuit is based on this claim, which allegedly resulted in her termination of employment.

In her first EEOC charge, Ms. Ames included detailed descriptions of interactions between herself and a colleague ("Linda") who worked as the Front Desk Clerk, which conversations Ms. Ames described as having constituted race- and age-based harassment. Ms. Ames stated in this EEOC Charge: "I believe I was discriminated and retaliated against because of my race, Black, in violation of Title VII . . . and my age, 54, in violation of the [ADEA]." Dkt. 21-1 at 2.

---

[3] Ms. Ames's representation in her responsive materials, *see* dkt. 26, 39, that at some point she filed a "Writ of Certiorari" and a "Writ of Mandamus" in the United States Supreme Court, which she says was her forum of choice for bringing her lawsuit following issuance by the EEOC of its right to sue notice, completely misapprehends the appropriate procedures for initiating a federal lawsuit based on these claims and reveals the extent of her lack of knowledge regarding principles of federal jurisdiction. *See* 42 U.S.C. § 2000e-5(3) (providing that "[e]ach United States *district court* . . . shall have jurisdiction of actions brought" thereunder) (emphasis added).

In her second EEOC charge, Ms. Ames asserted that following the filing of her August 29, 2024, Charge in which she "alleg[ed] [harassment] due to [her] age and race," Linda's harassment continued and Ms. Ames's complaints to certain supervisors were unavailing.  Dkt. 21-3.  She framed this second charge of discrimination as follows:  "I believe that I continued to be harassed by Linda due to my race, Black, and that I was terminated in retaliation for filing an EEOC charge, in violation of Title VII of the Civil Rights Act of 1964, as amended."  *Id.*  Commonwealth maintains that the only surviving claim based on Ms. Ames's second EEOC complaint, therefore, is for race discrimination and retaliation. *See* dkt. 1 at 8 (Ms. Ames describing her Second Charge as relating to "a retaliation claim").  In her filings in response to the motions filed by Commonwealth, Ms. Ames herself describes her claim as based on retaliation.  *See* dkt. 25 at 1 ("As this time, the plaintiff opposes the partial motion to dismiss for Title VII retaliation.").

It is well established that, "[b]efore bringing a Title VII claim, a plaintiff must first exhaust h[er] administrative remedies by filing charges with the EEOC and receiving a right to sue letter." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019).  "In Title VII cases, the scope of the complaint brought before the administrative agency limits the scope of subsequent civil proceedings in federal court; in other words, plaintiffs may pursue only those claims that could reasonably be expected to grow out of the administrative charges." *Reynolds v. Tangherlini*, 737 F.3d 1093, 1099–100 (7th Cir. 2013).  Upon receipt of notice of their right to sue, plaintiffs have ninety days within which to file their lawsuit based on the allegations asserted in their charge of discrimination.  42 U.S.C. § 2000e-5(f)(1).

A straightforward application of these legal principles to the complaint at bar compels the dismissal of Ms. Ames's claims arising out of her first Charge of Discrimination.  Ms. Ames received notice of her right to sue based on the First Charge on October 25, 2024.  Dkt. 21-2.  Thus, the ninety-day deadline to file suit was January 23, 2025. This lawsuit, however, was filed on May 5, 2025, more than three months after the deadline for doing so had expired.

Ms. Ames, for her part, does not clearly oppose Defendant's request for partial dismissal, though her prolix and often confusing arguments make it challenging to discern the precise merits of her claims as well as her legal arguments.  Most significant is her misimpression that Commonwealth's dismissal motion is directed at her retaliation claim outlined in her *Second* Charge of Discrimination.  In arguing that "its [sic] important that the retaliation claims be apart [sic] of the case and not be dismissed,"  Dkt. 25 at 1, Ms. Ames misses Commonwealth's primary point, namely, that the dismissal should go only to any and all of her other claims because they were not included in her Second (and operative) EEOC charge, only the retaliation claim.  *See also id.* ("Dismissing retaliation claims only asserts that the plaintiffs [sic] EEOC Charges are valid and doesn't hold the defendants accountable for their actions.").[4]

---

[4] On August 22, 2025, Commonwealth timely filed its reply brief in support of partially dismissing the Complaint. Dkt. 29.  Approximately one month later, on September 24, 2025, Ms. Ames filed a second so-called "response in opposition" to Defendant's motion to partially dismiss her complaint. Dkt. 39.  Typically, the non-moving party is not entitled to file a response brief to the moving party's reply brief. *See* S.D. Ind. L.R. 7-1 (providing 14 days for response briefs and 7 days for reply briefs).  *But see* S.D. Ind. L.R. 56-1(d) (providing that party opposing summary judgment "may" file a surreply brief under certain circumstances).  Insofar as we could overlook Ms. Ames's noncompliance with these basic rules of procedure, it is clear that her efforts to save the Complaint in its entirety are unavailing.  Ms. Ames lists four claims for which she believes she

For these reasons, Commonwealth's Partial Motion to Dismiss shall be **granted**. Dkt. 20.  The scope of this lawsuit is limited to the allegations of retaliation alleged in Ms. Ames's Second Charge of Discrimination.[5]

## II. Motion to Stay Proceedings and to Compel Arbitration or, Alternatively, for a More Definite Statement

Commonwealth's second motion seeks to stay this litigation to compel arbitration. Defendant asserts that, as a condition of her employment, Plaintiff agreed to submit any employment disputes to binding arbitration, rather than to litigate them in court.  Ms. Ames has not sought arbitration of her claims and, because she has failed to submit them to arbitration, this lawsuit must be either stayed or dismissed, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et. seq.*

The terms of the arbitration agreement are set forth in the Employee Handbook under the heading titled "Associate Dispute Resolution Program," which provides in applicable part, as follows:

> This ADR program . . . is a binding contract . . . and it is a legal document that waives the right to a court or jury trial and requires employment-related legal claims to be sent through a process which, as a last step, involves final

---

can obtain relief in this lawsuit:  retaliation, "forgey [sic]" (likely forgery), failure to provide reasonable accommodations under the ADA, and age discrimination under the ADEA.  (She does thereafter proceed in her brief to provide a laundry list of other claims based on the Fair Labor Standards Act as well as alleged hostile work environment, physical assault, theft and weapons threats with a gun, hate crime, and bullying.)  Her problem is that none of the claims—other than race discrimination and retaliation—was raised in her second EEOC Charge of Discrimination, which means that this lawsuit can only be based on that theory of liability.

[5] It appears that Ms. Ames alleged race discrimination in both her First and Second Charges; however, in asserting her legal claims in this lawsuit, she has failed to clearly delineate the nature and scope of these claims.  Additionally, Ms. Ames was provided through September 25, 2025, to seek leave to file an amended complaint.  Unfortunately, because Ms. Ames failed to avail herself of this opportunity, we remain in the dark as to the basis of any purported race discrimination claim.  Dkt. 34.  This action shall thus proceed on the basis of Ms. Ames's retaliation claim only.

and binding arbitration instead of court. . . . Associates who continue employment with Commonwealth for 30 days after receiving this agreement will have accepted it and are bound by it. . . . This Agreement is a term and condition of employment.

Dkt. 23-1 at 3–4.

There can be no dispute, says Commonwealth, that Ms. Ames's employment extended for more than thirty days following her receipt of the Handbook containing this provision, and, as such, she is contractually obligated to arbitrate the claims that she seeks to litigate here. Thus, a stay of the instant lawsuit is required to allow the arbitration to proceed to a decision by the mediator. Commonwealth makes an alternative request, if a stay is not entered: that Plaintiff be required to file a more definite statement of her Title VII retaliation claim, pursuant to Federal Rule of Civil Procedure Rule 12(e), to follow the elements of the statute on which she bases her claim.

Ms. Ames has interposed only generalized objections, maintaining that issuing a stay would be "unwarranted and unwise," "would likely throw the district court proceedings into turmoil and would require longer wait times and potentially starting this case from scratch." Dkt. 26. Further, she argues, it "would be unfair to [her] after being illegally terminated and preventing plaintiff from gainful employment." *Id.*

Ms. Ames's *pro se* representation limits her ability to respond appropriately to the arguments and motions being advanced by Commonwealth. With regard to the issue of whether to stay this case to allow arbitration to proceed, Ms. Ames needs to inform the court as to whether she agrees or disagrees with the terms of her Employment Contract and whether she disputes that she ever entered into that agreement or that she has a

legally cognizable defense to the enforcement of that agreement.  These are usually arguments best made by attorneys, and while Ms. Ames is permitted to represent herself, she assumes the risk of not understanding the applicable legal principles or the best ways to vindicate her rights.

## CONCLUSION

Accordingly, the Court hereby **GRANTS** the Motion for Partial Dismissal, thereby limiting the underlying lawsuit to the retaliation claim.  Dkt. 20.  Ms. Ames is hereby allowed **fourteen (14) days** from the date of this Order within which to **SHOW CAUSE** why this matter should not be stayed pending arbitration of her retaliation claim, pursuant to the Employee Handbook's arbitration provision.  Commonwealth's Motion to Stay is taken under advisement until Ms. Ames has an opportunity to file her response.

IT IS SO ORDERED.

Date:    1/23/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

XENA K. AMES
10090 Eagle Eye Way
Indianapolis, IN 46234

Brett Alexander Hession
FBT Gibbons LLP
bhession@fbtgibbons.com

Robert D. Hudson
Frost Brown Todd LLP
rhudson@fbtlaw.com